## JARVIS C. PERRY et als. *vs*. LUKE A. SPEAR.

### Knox. Opinion November 26, 1913.

*Allegation. Amendment. Cemetery. Exceptions. Fee. Real Action.*

Real action to recover possession of a lot in a cemetery in which plaintiff claims a fee.

*Held:*

1. In a real action, the demandant must prove that he has such an estate in the premises as he has alleged.

2. If it appears that he has an estate less than alleged, the action cannot be sustained without an amendment.

3. The demandants have only an easement to bury the dead upon said lot in said cemetery so long as the ground continued to be used as a place of sepulture.

On exceptions by the defendant. Exceptions sustained.

This is a real action to recover the possession of lot No. 74 in Sea View Cemetery, which is located in the town of Rockport, in the County of Knox. The case was submitted to the presiding Justice at the April Term of the Supreme Judicial Court for Knox County, 1913, with the right of exceptions. The Justice directed judgment to be entered for the plaintiffs for an easement in said lot for the burial of the dead there, "so long as the cemetery continues to be used as a place of sepulture," and for the possession of said lot. To this finding the defendant excepted.

The case is stated in the opinion.

*A. S. Littlefield,* for plaintiffs.

*R. I. Thompson,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

KING, J. Real action to recover a cemetery lot. The presiding Justice who heard the case, with right of exception, gave judgment for the plaintiffs, and the case comes up on defendant's exceptions.

In a real action the demandant must prove that he has such an estate in the premises as he has alleged.  If it appears that he has an estate less than that alleged, the action cannot be sustained without an amendment. *Rawson* v. *Taylor,* 57 Maine, 343; *Hamilton* v. *Wentworth,* 58 Maine, 101, 105-6; *Forsythe* v. *Rowell,* 59 Maine, 131-133.

In their declaration the demandants claim an estate in fee.  The presiding Justice, however, found that they did not have "an absolute title in fee, but only an easement to bury the dead upon said lot so long as the ground continued to be used as a place of sepulture."  Accordingly, without an amendment, the action was not sustainable upon the Justice's findings as to the character and quality of the demandants' estate in the premises.  As no amendment was made, and a judgment was rendered therein only for said easement in the premises, the entry must be.

*Exceptions sustained.*